United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL VARGAS,<br><br>        Plaintiff,<br><br>    v.<br><br>CARLOS FREEMAN, et al.,<br><br>        Defendants. | Case No. 21-cv-07191-EMC<br><br>**ORDER (1) DISCHARGING ORDER TO SHOW CAUSE; (2) DENYING PLAINTIFF'S MOTION TO RECONSIDER; AND (3) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>Docket Nos. 25-27 |

Currently pending before the Court is Plaintiff Manuel Vargas's motion for reconsideration and motion for leave to amend, as well as his response to an order to show cause ("OSC") issued on November 12, 2021. Mr. Vargas is a pro se litigant who previously sued, *inter alia*, the City of Hercules on the basis that it lacked the authority to enforce the California Vehicle Code and have his car towed. The Court granted the City Defendants' motion to dismiss (with prejudice) because the City and/or its employees did have the authority to enforce the Code. Mr. Vargas now asks the Court to reconsider its decision to dismiss with prejudice and to allow him to amend his complaint, offering a new theory of liability.

Having considered the papers filed, the Court finds the matters suitable for disposition without oral argument. The Court **DISCHARGES** the OSC, **DENIES** the motion to reconsider, and **GRANTS** the motion for leave to amend.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Mr. Vargas, proceeding pro se, initiated this lawsuit against a number of entities and persons, including the City of Hercules, its Police Department, and several employees. The gist of his suit was that Defendants lacked the authority to enforce the California Vehicle Code and have

his car towed.

In response to the complaint, the City and two affiliated individual defendants moved to dismiss. The Court granted the motion, finding that, as a matter of law, the moving defendants had the authority to enforce the California Vehicle Code. *See* Docket No. 24 (order). The Court thus dismissed the claims against the moving defendants, and with prejudice. The Court also ordered Mr. Vargas to show cause why, in light of the Court's dismissal order, the remainder of his case should not be dismissed with prejudice. *See* Docket No. 24 (Order at 2) (noting that "it would appear that Mr. Vargas has no claim against any of the remaining defendants in the case (*i.e.*, the mayor of the City, the towing company and its owners/operators, and the citation processing company and its president)").

Mr. Vargas filed a response to the OSC, along with a motion for reconsideration and a motion for leave to amend. In his filings, Mr. Vargas does not contest the Court's determination that the moving defendants had the authority to enforce the California Vehicle Code, and he implicitly agrees that this determination thereby impacts the remainder of his suit as pled. However, he asks the Court to reconsider its dismissal of the City with prejudice because he has a new theory of liability against the City. For the same reason, he asks for leave to amend to plead that new theory of liability. The defendants would be the City, plus the towing company and its owners/operators (collectively, the "Freeman Defendants"). The gist of the new theory of liability is that the City police officer improperly cited Mr. Vargas for leaving his car parked on a highway for 72 or more consecutive hours. *See* Cal. Veh. Code § 22651(k) (providing that a peace officer may remove a vehicle if it is "parked or left standing upon a highway[1] for 72 or more consecutive hours in violation of a local ordinance authorizing removal"); Hercules Mun. Code § 3-4.308(a) (providing that a City police officer "may remove or cause to be removed . . . [a]ny vehicle that has been parked or left standing upon a street or highway for 72 or more consecutive hours"). According to Mr. Vargas, his car had not been left parked for more than 72 hours. *See*

---

[1] The California Vehicle Code defines "highway" as "a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel. Highway includes street." Cal. Veh. Code § 360.

2

Prop. FAC ¶ 14 ("Mr. Vargas['s] car was parked lawfully and [the] car was not left parked for more than 72 hours."). In his prior complaint and opposition to the City Defendants' 12(b)(6) motion, Mr. Vargas never made this "innocence" claim.

## II.  DISCUSSION

A.  Motion for Reconsideration

As an initial matter, the Court considers Mr. Vargas's motion for reconsideration. This is because the Court previously dismissed with prejudice the claims against the City (and two employees), noting that amendment would be futile – *i.e.*, it was clear that the City did have authority to enforce the California Vehicle Code.

Mr. Vargas now is basically asking the Court to revisit the dismissal *with* prejudice because he would like to file an amended complaint against, *inter alia*, the City, introducing a new theory of liability (and a new factual predicate as well). Under Civil Local Rule 7-9, Mr. Vargas would have to show one of the following in order to be able to file a motion for reconsideration in the first place.

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L.R. 7-9(b). He has not done so. For example, Mr. Vargas has not demonstrated that, in the exercise of reasonable diligence, he could not have put forth his new theory of liability (*i.e.*, based on his claim of innocence) prior to the issuance of the Court's dismissal order.

Accordingly, the Court denies Mr. Vargas's motion to reconsider. The City Defendants who the Court previously dismissed with prejudice remain dismissed with prejudice.

3

B.     Motion to Amend and Response to OSC

Although the Court denies the motion to reconsider, it must still address Mr. Vargas's response to its OSC, in which it asked Mr. Vargas why the remaining defendants in the case should not also be dismissed with prejudice given its ruling that the City did have authority to enforce the California Vehicle Code. In response, Mr. Vargas has stated that he can plead new causes of action against the Freeman Defendants (*e.g.*, violation of the Fourth Amendment, the Due Process Clause, and the Eighth Amendment, plus parallel state law claims) – again based on his claim of innocence.

Based on the response, the Court discharges the OSC. In addition, the Court shall allow Mr. Vargas to amend because, although there may be weaknesses with his proposed pleading,[2] it cannot say at this juncture that amendment would be entirely futile.

Mr. Vargas shall file his amended complaint by **February 11, 2022**. Mr. Vargas is permitted to assert claims against the Freeman Defendants only. The causes of action cannot differ from those raised in his proposed first amended complaint. Nor can the factual basis differ from that raised in his proposed first amended complaint. Finally, Mr. Vargas may assert causes

---

[2] For example, Mr. Vargas may not have standing to seek prospective relief. Even assuming that, previously, he was wrongly cited because he had not parked for 72 or more hours on a highway, that past injury does not mean that he will, in the future, likely be wrongly cited again. *See Gonzalez v. U.S. Immigration & Customs Enf't*, 975 F.3d 788, 803 (9th Cir. 2020) (noting that, under the Supreme Court's decision in *Lyons*, "past injury does not provide standing to seek prospective injunctive relief '[a]bsent a sufficient likelihood that [the plaintiff] will again be wronged in a similar way'").

Also, to the extent Mr. Vargas argues that his property should not have been taken from him until after a hearing (*i.e.*, a violation of procedural due process), the Ninth Circuit has rejected that position. *See Soffer v. Costa Mesa*, 798 F.2d 361, 362 (9th Cir. 1986) (rejecting contention that "due process requires a hearing before the City may tow an automobile"; "there is no right to a pre-tow hearing") (emphasis added).

In addition, the federal causes of action (based on 42 U.S.C. § 1983) against the Freeman Defendants are questionable because such claims require that a defendant have acted under color of law, and the Freeman Defendants are private actors; "[i]n order for private conduct to constitute governmental action, 'something more' must be present." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999). *See, e.g.*, *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) (noting that "[a]cts of private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts"); *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (noting that "a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents' [and] [t]his is precisely the type of conspiracy alleged by Kirtley in the present action").

4

of action on his behalf only, and not on a class. It would be futile for him to bring a class action because he is a pro se litigant and has no counsel of record. *See Ponce-Bran v. Sacramento Nat. Foods Coop., Inc.*, No. 99-16697, 2000 U.S. App. LEXIS 11576, at *15 (9th Cir. May 18, 2000) ("A plaintiff may represent himself in propria persona but may not represent a class in a class action. He has no authority to act as an attorney for others."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself."); *Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2015 U.S. Dist. LEXIS 188861, at *11-12 (N.D. Cal. Jan. 5, 2015) ("[T]he Court notes the general rule that non-attorney litigants cannot appear pro se in class actions; pro se litigants are not 'adequate' class representatives under Federal Rule of Civil Procedure 23(a).").

### III. CONCLUSION

For the foregoing reasons, the Court discharges its OSC, denies the motion to reconsider, and grants the motion to amend as to the Freeman Defendants only. As noted above, Mr. Vargas must file his amended complaint by **February 11, 2022**. Mr. Vargas is forewarned that, if he does not timely file an amended complaint, then the Clerk of the Court shall automatically dismiss the remainder of this case with prejudice and close the file in the case.

This order disposes of Docket Nos. 25-27.

**IT IS SO ORDERED**.

Dated: January 13, 2022

_____
EDWARD M. CHEN
United States District Judge