UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL VARGAS,<br>        Plaintiff,<br>      v.<br>CARLOS FREEMAN, et al.,<br>        Defendants. | Case No. 21-cv-07191-EMC<br><br>**ORDER TO SHOW CAUSE** |

    Plaintiff Manuel Vargas initiated this case in state court against a number of defendants. One of the defendants, the City of Hercules, removed the case based on a federal claim pursuant to 42 U.S.C. § 1983. Since that time, the Court has granted a motion to dismiss filed by the City and two employees. *See* Docket No. 24 (order). The Court has also allowed Mr. Vargas to file an amended complaint. *See* Docket No. 30 (order).

    Now pending before the Court is Mr. Vargas's amended complaint. *See* Docket No. 31 (first amended complaint). Consistent with the Court's prior order, Mr. Vargas has asserted claims against two defendants only: Freeman Towing Services and its owner/operator, Carlos Freeman. Mr. Vargas's claims are all predicated on state law: fraud; conversion; and declaratory relief (also asserting fraud). Because Mr. Vargas is bringing only state law claims against defendants who appear to be California citizens, the Court does not have independent jurisdiction (*i.e.*, diversity jurisdiction) over the claims. *See* 28 U.S.C. § 1332(a)(1) (providing that there is diversity jurisdiction where the amount in controversy exceeds $75,000 and is between citizens of different states). Thus, at most, the Court has supplemental jurisdiction over the claims. *See* 28 U.S.C. § 1367(a) (providing that, "in any civil action of which the district courts have original

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

Under § 1367(c), a court has discretion to decline supplemental jurisdiction in certain circumstances, including when the court "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). Because there are no longer any § 1983 claims in the case, the case is still (relatively speaking) in its infancy, and the Court's prior rulings have not opined on the state law claims now asserted, the Court is inclined to decline supplemental jurisdiction over the case and remand the case back to state court. Out of an abundance of caution, however, the Court shall give Mr. Vargas an opportunity to comment before it acts. Accordingly, the Court hereby **ORDERS** Mr. Vargas **TO SHOW CAUSE** as to why this case should not be remanded back to state court pursuant to this Court's authority to decline supplemental jurisdiction. Mr. Vargas shall file a response by **March 17, 2022**. If the Court does not receive a response from Mr. Vargas, then it shall direct the Clerk of the Court to remand the case back to state court.

**IT IS SO ORDERED**.

Dated: March 3, 2022

_____
EDWARD M. CHEN
United States District Judge